IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edwin Jay Randall, ) | C/A No. 0:08-3594-JMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Michael Pettiford; J. ComStock; Darlene ) | |
| Buchanan; G.W. Branch, III; D. Shantz, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Edwin Jay Randall ("Randall"), a self-represented federal prisoner, filed this action asserting that the defendants violated his civil rights. Essentially, Randall seeks monetary compensation based on the defendants' alleged violation of his rights to due process of law during the course of a disciplinary proceeding stemming from an incident that occurred at FCI-Bennettsville, where he was formerly housed.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 68.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Randall of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 69.) Randall filed a response in opposition to the defendants' motion (ECF No. 77) and the defendants filed a reply (ECF No. 79). Additionally, Randall filed a motion for a preliminary injunction (ECF No. 78), to which the defendants responded (ECF No. 80). In this motion, Randall seeks an injunction requiring BOP to remove a particular inmate classification as

---

[1] Because Randall's disciplinary conviction for this offense was ultimately expunged, this action is not barred by Edwards v. Balisok, 520 U.S. 641 (1996) (applying the rule of Heck v. Humphrey, 512 U.S. 477 (1994), to prison disciplinary convictions).

to Randall. Having carefully considered the parties' submissions, the court finds that the defendants' motion should be granted and Randall's motion should be denied.

## BACKGROUND

Randall was formerly housed at FCI-Bennettsville near Bennettsville, South Carolina. While there, Randall received a disciplinary charge stemming from the alleged unauthorized use of a cell phone. The charge was re-written twice, and a disciplinary hearing was held approximately six weeks after the initial charge was made. Randall unsuccessfully appealed his disciplinary conviction through the prison grievance process, then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. After the petition was filed, Bureau of Prisons officials expunged Randall's disciplinary conviction. The defendants remaining in this case include Michael Pettiford, the former warden of FCI-Bennettsville; J. ComStock, a Disciplinary Hearing Officer; Darlene Buchanan, the Executive Assistant and Camp Administrator; G.W. Branch, III, a former correctional officer; and Donolus Schantz,[2] a Lieutenant.

## DISCUSSION

**A.      Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary

---

[2] It appears that the correct spelling of Defendant Shantz is "Schantz." (See ECF No. 61 at 3.)

judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Randall's Due Process Claims**

The leading case regarding the process due in prison disciplinary proceedings is Wolff v. McDonnell, 418 U.S. 539 (1974). Under Wolff, the inmate is entitled to the following: (1) written notice of the charges at least twenty-four hours in advance of the hearing; (2) written findings as to the evidence relied upon and reasons for the disciplinary action; and (3) the right to call witnesses

and present evidence in his defense, provided there is no undue hazard to institutional safety or correctional goals. Wolff, 418 U.S. at 563-67. Additionally, an inmate should be permitted to seek counsel substitute (a fellow inmate or a prison employee) if he is illiterate or in complex cases that he cannot handle alone, and he is entitled to have the charges adjudicated by a fair and impartial tribunal. Id. at 569-71.

Randall asserts the following alleged violations of his due process rights relating to his disciplinary proceedings: (1) that Defendant ComStock denied him his right to a fair and impartial decision maker by colluding with the charging officer, Defendant Schantz, as to what the appropriate disciplinary charge should be; (2) that Defendants ComStock, Branch, Pettiford, and Buchanan denied him his due process right to call witnesses; (3) that Defendants ComStock and Schantz deprived him of his right to notice of the charges; and (4) that Defendant ComStock denied him his due process right for the adjudicator's findings to be supported by "some evidence." To recover damages for these alleged violations pursuant to Bivens, Randall must show (1) that he was injured; (2) by a deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of federal authority. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971); see also Farmer v. Brennan, 511 U.S. 825 (1994); Harlow v. Fitzgerald, 457 U.S. 800, 814-20 & n.30 (1982) (both indicating that case law involving § 1983 claims is applicable in Bivens actions and *vice versa*).

  a. **Defendants ComStock and Schantz**

Randall essentially argues that his due process rights to an impartial adjudicator were violated because Defendant ComStock colluded with Defendant Schantz to write up a charge that would be referred to a DHO and result in a conviction. This argument is based on the evidence that Defendant ComStock twice returned the incident report to Defendant Schantz to be rewritten. However, the

only evidence in the record demonstrates that Defendant ComStock returned the incident report for revision to give Randall adequate notice of the charge and sufficient time to prepare a defense. For example, while Defendant Schantz initially charged Randall with possession, manufacture, or introduction of a hazardous tool, Code No. 108, Defendant ComStock rejected the charge and instructed Defendant Schantz to rewrite it as a charge for conduct which disrupts and interferes with the orderly running of a BOP, Code No. 199, which she believed more appropriately addressed Randall's alleged conduct. Randall was provided notice of the new charge and his hearing was continued to give him adequate time to prepare a defense to that charge. Moreover, there is no evidence supporting an inference that Defendant ComStock improperly participated in the charging officer's investigation of the incident. Finally, although Defendant ComStock rejected the initial incident report and charge, there is no evidence in the record from which a reasonable jury could find that she "play[ed] any significant part in having the charge(s) referred to the DHO" for prosecution. Cf. 28 C.F.R. § 541.16(b). Randall has presented no evidence refuting the defendant's evidence on this issue; his speculation that the incident reports were rewritten to assure referral to a DHO to obtain a disciplinary conviction is wholly unsupported by the record. Consequently, Defendants ComStock and Schantz are entitled to summary judgment regarding these claims.

    **b.    Right to Call Witnesses**

Randall's arguments regarding the alleged violation of his right to call witnesses are threefold. First, he alleges that Defendants Pettiford and Buchanan knowingly transferred a witness, Inmate Cummings, who would have presented exculpatory evidence on behalf of Randall. Second, he contends that Defendant ComStock violated this right by disallowing live testimony by Officer Tellis and Inmate Cummings. Finally, he appears to allege that Defendant Branch forged his name

to a document indicating that Randall consented to present Inmate Cummings's testimony via written statement rather than live testimony.

As to Randall's assertions regarding Defendants Pettiford and Buchanan, his suspicions are entirely unsupported in this record. These defendants have presented affidavits averring that they had no knowledge that Randall had requested Inmate Cummings to be present to testify at his disciplinary hearing. (Buchanan Aff. ¶¶ 3, 8, ECF No. 68-4; Pettiford Aff. ¶¶ 3, 8, ECF No. 68-5.) Moreover, they have presented evidence showing that although they authorized the request for Cummings to be transferred to another facility, they had no control over whether or when the transfer would occur. (Buchanan Aff. ¶¶ 7-8, ECF No. 68-4; Pettiford Aff. ¶¶ 7-8, ECF No. 68-5.) Randall has presented absolutely no evidence from which a reasonable jury could find that Cummings's transfer was purposefully effected to interfere with Randall's defense to the disciplinary charge.

Regarding Defendant ComStock, Randall's argument with regard to her denial of his request to call Officer Tellis and Inmate Cummings rests on his erroneous belief that the law permits a DHO to disallow a witness only when the live testimony of that witness will create a prison security risk. However, the United States Court of Appeals for the Fourth Circuit has recognized other reasons why a witness's live testimony might be disallowed by a DHO, such as irrelevance or cumulativeness. Ward v. Johnson, 690 F.2d 1098, 1112-13 (4th Cir. 1982). Prison regulations specifically state that a DHO can refuse to call a reporting officer or other adverse witness "if their knowledge of the incident is adequately summarized in the Incident Report and other investigative materials supplied to the DHO." 28 C.F.R. § 541.17(c).

The decision of a Disciplinary Hearing Officer to deny an inmate's request to call a witness is "not to be lightly second-guessed by courts far removed from the demands of prison administration." Brown v. Braxton, 373 F.3d 501, 505 (4th Cir. 2004). Here, Defendant ComStock

provided her reasons for disallowing the witnesses requested by Randall. See Ponte v. Real, 471 U.S. 491, 497 (1985) ("[P]rison officials may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify, but [] they may do so either by making the explanation a part of the 'administrative record' in the disciplinary proceeding, or by presenting testimony in court if the deprivation of a 'liberty' interest is challenged because of that claimed defect in the hearing."); (ComStock Aff. ¶¶ 27-28, ECF No. 68-3 at 9; Notice of Discipline Hearing, ECF No. 68-7 at 5; DHO Report, ECF No. 47-6 at 11.) Moreover, Defendant ComStock considered the incident report which contained Officer Tellis's observations. Furthermore, Randall has not specified how he was prejudiced by the lack of live testimony from Officer Tellis, since Defendant ComStock made a factual finding that Officer Tellis witnessed Inmate Cummings—not Randall—actually using the cell phone at issue. (DHO Report, ECF No. 47-6 at 12); see Brown, 373 F.3d at 508 (stating that the failure to permit live testimony is harmless when the witness's written statement was considered by the decision maker and the plaintiff has not demonstrated that he was harmed by the witness's testifying in writing rather than in person).

With regard to Inmate Cummings, the record is similarly unsupportive of Randall's allegations.[3] First, the DHO considered a written statement from Inmate Cummings. Moreover, this statement was drafted by Randall himself for Cummings to sign, so Randall was able to present Cummings's testimony in the manner he chose. Although Randall now argues that he was prejudiced because the DHO was not able to question Cummings herself, he has not identified any question that would have changed the outcome of his hearing that he could not have presented via Cummings's written statement. See Brown, 373 F.3d at 508. Furthermore, although he now

---

[3] For purposes of this motion, the court accepts as true Randall's factual assertion that he did not sign the written statement contained in the record indicating that he elected to proceed with a written statement from Cummings rather than having him present live testimony.

presents an additional exculpatory statement from Cummings admitting that Cummings made the cell phone call for which Randall was charged, Randall did not include that assertion in the statement he prepared for Cummings that was actually presented at Randall's disciplinary hearing. Randall cannot now complain of a due process violation when he did not take advantage of the process afforded him at the hearing. See, e.g., Ewald v. Dep't of Waste Management, Com. of Va. 1992 WL 172673, *5, 972 F.2d 339 (4th Cir. 1992) (Table) ("Due process requirements are not violated merely because the plaintiff fails to take advantage of available procedures."); Dusanek v. Hannon, 677 F.2d 538 (7th Cir. 1982) (stating that there is no due process violation if a person has recourse to a constitutionally sufficient administrative procedure but declines or fails to avail himself of it).

Moreover, even if Defendant ComStock erred in denying live testimony from Officer Tellis or Inmate Cummings, she is entitled to qualified immunity on this particular claim, since Randall has not identified any clearly established statutory or constitutional right of which a reasonable person would have known to call these witnesses under these circumstances where written statements or reports were available and actually presented to the DHO. See Parrish v. Cleveland, 372 F.3d 294, 301 (4th Cir. 2004) (stating that in determining whether the right violated was clearly established, the court defines the right " 'in light of the specific context of the case, not as a broad general proposition' ") (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)).

Finally, in light of the court's finding that Randall's due process rights were not violated because he could not present live testimony from Inmate Cummings, Randall's claim against Defendant Branch, even if it were supported by evidence in the record, similarly fails.

    **c.**    **Evidence Supporting Defendant ComStock's Decision**

The United States Supreme Court has held within the context of prison disciplinary proceedings that due process is satisfied as long as there is "some evidence" supporting the

Disciplinary Hearing Officer's findings. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445 (1985). "Ascertaining whether this [due process] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56. In the case at bar, although Randall vehemently protests that Defendant ComStock reached the wrong decision regarding his guilt of the disciplinary charge, the court is not permitted to substitute its judgment for the hearing officer's in the "highly charged atmosphere" of a prison. See Hill, 472 U.S. at 456. The evidence presented at Randall's disciplinary hearing showed that the confiscated cell phone was used to call a number that was associated only with Randall and no other prisoner. (Incident Report, ECF No. 47-6 at 8.) This evidence in support of ComStock's decision—whether the decision was erroneous or not—is sufficient to comply with Hill's due process requirement.

## RECOMMENDATION

Based on the record before the court, no reasonable jury could find that Randall was denied due process based on the claims he raises. Accordingly, the court recommends that the defendants' motion for summary judgment (ECF No. 68) be granted and Randall's motion requesting injunctive relief regarding his inmate classification (ECF No. 78) be denied.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 21, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).