IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Edwin Jay Randall, | ) | |
| | ) | C.A. No. 0:08-cv-03594-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Michael Pettiford, J. Comstock, Darlene | ) | |
| Buchanan, G.W. Branch, III, and D. Shantz, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the *pro se* Plaintiff Edwin Jay Randall's ("Randall") petition alleging that Defendants violated his due process rights during the course of a disciplinary proceeding stemming from an incident that occurred at FCI Bennettsville, where he was formerly housed [Doc. 1]. On July 30, 2010, Defendants filed a Motion for Summary Judgment [Doc. 68] and on September 21, 2010, Plaintiff filed a Motion for a Preliminary Injunction [Doc. 78]. The Magistrate Judge's Report and Recommendation [Doc. 82], filed on January 21, 2011, recommends that Defendants' Motion for Summary Judgment be granted and that Plaintiffs' motion requesting injunctive relief regarding his inmate classification [Doc. 78] be denied. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423

1

U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### DISCUSSION

The court incorporates, by reference, the Magistrate Judge's recitation of the facts of this case. [Doc. 82, at 1-2].

Plaintiff was advised of his right to file objections to the Report and Recommendation. [Doc. 82 at 10]. Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation on the pending motions. [Doc. 84]. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

In this case, the court was able to discern specific objections [Doc. 84] to the Magistrate Judge's Report and Recommendation. Mr. Randall first objects to the Magistrate Judge's conclusion that his due process rights were not violated because he was not denied access to an impartial adjudicator. Mr. Randall alleged that Defendants Comstock and Schantz colluded "to write up a

2

charge that would be referred to a DHO and result in a conviction." [Doc. 82, at 4]. Mr. Randall alleged that Defendant Comstock's instruction to Defendant Schantz "to rewrite [the charge] as a charge for conduct which disrupts and interferes with the orderly running of a BOP, Code No. 199 . . ." was evidence of an attempt to secure a conviction. [Doc. 82, at 4]. The Magistrate Judge rejected those allegations because she found that Mr. Randall's "speculation" concerning Defendant Comstock's alleged motives was "wholly unsupported by the record." [Doc. 82, at 5]. Furthermore, the Magistrate Judge found that the purpose of the rewritten charge was to more accurately reflect Mr. Randall's alleged misconduct. [Doc. 82, at 4]. The Magistrate Judge also noted that "[Mr.] Randall was provided notice of the new charge and his hearing was continued to give him adequate time to prepare a defense to that charge." [Doc. 82, at 4].

Central to Mr. Randall's first objection is his claim that Defendant Comstock, as DHO, is biased. [Doc. 84, at 1]. In support of this claim, Mr. Randall argues that by returning the charges to be rewritten, Defendant Comstock, as an adjudicator, "participated in the investigation by instructing the charge code . . . ." [Doc. 84, at 1]. Mr. Randall similarly asserts that an email supports his contention of bias because it is evidence of the fact that Defendant Comstock was both investigator and adjudicator. [Doc. 84, at 1]. However, the court was not able to ascertain the email to which Mr. Randall refers. Nevertheless, Mr. Randall has presented no evidence that Defendant Comstock's attempt to accurately charge him, to give him notice and to give him time to prepare his defense interfered with his ability to receive a fair hearing. The court agrees with the Magistrate Judge and overrules Mr. Randall's first objection.

Mr. Randall's second objection concerns the Magistrate Judge's discussion of the "Right to Call Witnesses" element under *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). The Magistrate Judge first discussed Mr. Randall's allegation and suspicions that Defendants Pettiford and

3

Buchanan knowingly transferred Inmate Cummings "who would have presented exculpatory evidence on behalf of Randall." [Doc. 82, at 5]. The Magistrate Judge concluded that Mr. Randall's "suspicions are entirely unsupported in this record." [Doc. 82, at 6]. The Magistrate Judge noted that Defendants Pettiford and Buchanan presented affidavits in which they averred that they had no knowledge Mr. Randall intended to call Inmate Cummings as a witness. [Doc. 82 at 6; 68-4, at 2-3, ¶¶ 7-8; 68-5, at 3, ¶¶ 7-8]. In those same affidavits, Defendants Pettiford and Buchanan answered that "they had no control over whether or when" an inmate's transfer would occur. Based on those affidavits, the Magistrate Judge found that Mr. Randall failed to contradict Defendants Buchanan and Pettiford's testimony or to provide evidence " from which a reasonable jury could find that Cummings's transfer was purposefully effected to interfere with Randall's defense to the disciplinary charge." [Doc. 82, at 6].

Mr. Randall's second objection also concerns the Magistrate Judge's discussion of Defendant Comstock and Officer Tellis. The issue concerns "Randall's argument with regard to [Defendant Comstock's] denial of his request to call Officer Tellis and Inmate Cummings [which] rests on his erroneous belief that the law permits a DHO to disallow a witness only when the live testimony of that witness will create a prison security risk." [Doc. 82, at 6]. As the Magistrate Judge observed, there may be other reasons such as "irrelevance or cumulativeness," for why a DHO may deny a request for live testimony. [Doc. 82, at 6]; *See Ward v. Johnson*, 690 F.2d 1098, 1112-13 (4th Cir. 1982). In addition, according to prison regulations, a DHO such as Defendant Comstock may choose not to call "a reporting officer or other adverse witness 'if their knowledge of the incident is adequately summarized in the Incident Report and other investigative materials supplied to the DHO." [Doc. 82, at 6] (citing 28 C.F.R. § 541.17(c)). Here, Defendant Comstock's reason for not calling Officer Tellis was because "he was involved in the investigation which gave rise to the

4

incident report" and because his testimony was not relevant to Mr. Randall's charge. [Doc. 68-3, at 9, ¶¶ 27-28]. Furthermore, the Magistrate Judge noted that Mr. Randall made no showing of how Defendant Comstock's actions prejudiced him.

In his objections, Mr. Randall argues that Officer Tellis's testimony would have exonerated him and would have demonstrated that he did not participate in the conduct giving rise to his charge and that "[a]t best a number connected only to [Mr. Randall] was found in Cummings's phone." [Doc. 84, at 2]. But Mr. Randall fails to recognize that despite the fact that Officer Tellis did not testify, the number's connection to Mr. Randall is all that matters since it is "some evidence" of wrongdoing on his part. *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445 (1985) (holding that due process is satisfied in prison disciplinary proceedings as long as there is "some evidence" supporting prison official's findings). Therefore, for the reasons cited above, Mr. Randall's second objection is overruled.

This same statement by Mr. Randall brings the court to Mr. Randall's third objection, which contains an attempt to argue that the evidence as presented by Defendants does not meet the "some evidence" standard as outlined in *Superintendent, Mass. Corr. Inst., Walpole*, 472 U.S. 445, at 455-56 (1985). Mr. Randall himself, in his second objection and in the statement discussed above, points to the very evidence upon which Defendant Comstock based her charge: "that the confiscated cell phone was used to call a number that was associated only with Randall and no other prisoner." [Doc. 82, at 9]; [Doc. 47-6, at 8]. Again, this connection with Mr. Randall satisfies the "some evidence" test; therefore, his third objection is also overruled.

Mr. Randall did not make any specific objections to the Magistrate Judge's Report and Recommendation regarding his Motion for Preliminary Injunction. [Doc. 78]. In such instances, this court is not required to provide an explanation for adopting the recommendation. *See Camby*

5

*v.*

*Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation [Doc. 82]. It is therefore **ORDERED** that Defendants' Motion for Summary Judgment [Doc. 68] is **GRANTED** and Plaintiffs' Motion for a Preliminary Injunction regarding his inmate classification [Doc. 78] be **DENIED**.

**IT IS SO ORDERED.**

                                                    s/J. Michelle Childs
                                                    United States District Judge

Greenville, South Carolina
February 9, 2011